J-S66003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ROBERT MANN JR. | |
| Appellant | No. 2245 EDA 2019 |

Appeal from the Order Entered May 22, 2019
In the Court of Common Pleas of Chester County
Criminal Division at Nos: CP-15-CR-0003611-2005,
CP-15-CR-0003612-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH ROBERT MANN JR. | |
| Appellant | No. 2244 EDA 2019 |

Appeal from the Order Entered May 22, 2019
In the Court of Common Pleas of Chester County
Criminal Division at Nos: CP-15-CR-0003611-2005,
CP-15-CR-0003612-2005

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: Filed: March 26, 2020

Appellant, Joseph Robert Mann, appeals *pro se* from the order the Court

of Common Pleas of Chester County entered on May 22, 2019, denying

Appellant's "Pro Se Motion Re: To Correct The Record[.]"[1]  Upon review, we quash the instant appeal.

The factual and procedural history are not at issue in this appeal. Briefly, on June 22, 2007, Appellant was sentenced to an aggregate term of imprisonment of 31½ to 63 years, after a jury convicted him of a plethora of sex crimes.  On August 28, 2008, we affirmed the judgment of sentence. **Commonwealth v. Mann**, No. 2075 EDA 2007, unpublished memorandum (Pa. Super. filed August 28, 2008).  Appellant did not pursue any further appeal.

Appellant pursued post-conviction relief.  At the conclusion of proceedings marked by a convoluted procedural history, we affirmed the denial of Appellant's first PCRA petition on November 25, 2014. **Commonwealth v. Mann**, No. 196 EDA 2014, unpublished memorandum (Pa. Super. filed November 25, 2014).  The Supreme Court denied Appellant's petition for allowance of appeal on April 7, 2015. **Commonwealth v. Mann**, 114 A.3d 416 (Pa. 2015).  On March 29, 2017, we affirmed the dismissal of Appellant's second PCRA petition.  **Commonwealth v. Mann**, No. 2204 EDA 2016, unpublished memorandum (Pa. Super. filed March 29, 2017).  Appellant did not appeal to the Supreme Court.

---

[1] In his motion, which was filed March 11, 2019, Appellant raised claims concerning the trial court's jurisdiction and venue.

The lower court addressed Appellant's appeal as follows:

[Appellant]'s Notice of Appeal indicates he is appealing the [trial] court's order of March 11, 2019. No such order exists. However, that is the day that the above-referenced petition was filed with Chester County Clerk of Courts. The [trial] court subsequently denied that petition on May 22, 2019. The substantive reasons of the [trial] court's denial of [Appellant]'s are set forth in [footnote 1 of] the May 22, 2019 order.[2]

However, this appeal is untimely. The order being appealed was entered May 22, 2019. Pursuant to Pa.R.A.P. 903(a), [Appellant] had thirty (30) days to file an appeal of that order, until June 21, 2019. [Appellant]'s Notice of Appeal was filed on July 25, 2019, thirty-four days after the end of the appeal period.[3]

---

[2] It does not appear the trial court treated the March 11, 2019 motion as Appellant's third PCRA petition (**see** 42 C.S.A. § 9543(a)(2)(viii)) nor did the court issue a Rule of Criminal Procedure 907 notice prior to denying the motion itself. Nevertheless, Appellant has not challenged these matters on appeal, as such the issues are waived. Moreover, even if the issues were raised, we would conclude that the March 11, 2019 filing would be untimely for purposes of the PCRA since Appellant did not allege below or in this appeal any exception to the time-bar. Accordingly, we would lack jurisdiction to entertain Appellant's substantive claims. **See Commonwealth v. Chester**, 895 A.2d 520, 524 (Pa. 2006) ("Appellant's PCRA petition is untimely on its face, and Appellant has failed to plead and prove that his petition meets the requirements of the statutory exceptions to the PCRA's jurisdictional time-bar. This Court and the PCRA court, therefore, lack jurisdiction to consider Appellant's substantive claims"); **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (explaining failure to challenge on appeal absence of Rule 907 notice constitutes waiver; moreover, where PCRA petition is untimely, court's failure to issue Rule 907 notice is not reversible error); **Commonwealth v. Wilson**, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.");.

[3] On May 15, 2019, Appellant filed a memorandum in which Appellant argued that he was entitled to the application of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The trial court treated Appellant's memorandum as a PCRA petition, and denied relief on June 26, 2019.

J-S66003-19

PCRA Court Opinion, 8/23/19, at 1-2.

We agree. Accordingly, we quash the instant appeal.[4]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/26/20

_____

It is possible that the notice of appeal filed on July 25, 2019 was meant to challenge the denial of the May 15, 2019 petition, not the denial of the March 11, 2019 motion. Even if that was the intention, and regardless of any other consideration, we would not be able to review the merits of the appeal because Appellant did not address **Muniz** in the instant appeal. In fact, in his appellate brief, Appellant merely argues against the jurisdiction and venue of the trial court, which was challenged in the March 11, 2019 motion, but not in the May 15, 2019 petition. As such, even if we were to conclude that the instant appeal was intended to challenge the denial of Appellant's May 15, 2019 petition, we would find Appellant waived his argument based on **Muniz** for failure to address it in his appellate brief.

[4] We note that the instant appeal could be quashed in light of **Commonwealth v. Walker**, 185 A.3d 96 (Pa. 2018), because Appellant filed one notice of appeal listing two trial court docket numbers. However, we do not need to address the impact of **Walker**. Even if we were to find **Walker** not applicable here, we would, as stated above, nonetheless quash the instant appeal as untimely.

- 4 -